UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN A. KELLY,<br><br>　　Petitioner,<br><br>　　v.<br><br>WARDEN PERRY RUSSELL, *et al.*,<br><br>　　Respondents. | Case No. 3:21-cv-00006-RCJ-CLB<br><br>**ORDER** |

　　Kevin A. Kelly, a Nevada state prisoner, represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, claiming that the conditions of his confinement at the Northern Nevada Correctional Center (NNCC) violate the federal constitutional prohibition of cruel and unusual punishment because of the danger from COVID-19 to which he is exposed. *See* Petition for Writ of Habeas Corpus (ECF No. 1). Kelly claims that he is at high risk from COVID-19 because "[h]e is fifty-nine years old and suffers from high blood pressure, obesity, and heart problems," and, therefore, "[a]ccording to the Centers for Disease Control ("CDC") he is at high risk of severe illness from COVID-19." *Id.* at 7. Kelly seeks "release from confinement at NNCC and asks that he be allowed to reside outside the prison, at least until he is vaccinated." *Id.* at 8.

　　After examining Kelly's petition under Habeas Corpus Rule 4, the Court determines that Kelly's petition is not cognizable in habeas corpus. His claim must be brought, if at all, in a civil rights action under 42 U.S.C. § 1983. This action will be dismissed.

　　Federal law provides for two primary means for state prisoners to seek relief on claims related to their imprisonment: petitions for writ of habeas corpus and civil rights

complaints. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

This action, as pled by Kelly, concerns the conditions of his confinement, not the fact or duration of his confinement.

The Supreme Court has not explicitly ruled out habeas as a vehicle for all conditions-of-confinement claims. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862 (2017) (leaving open the question whether immigration detainees challenging "large-scale policy decisions concerning the conditions of confinement imposed ... might be able to challenge their confinement conditions via a petition for a writ of habeas corpus"); *Boumediene v. Bush*, 553 U.S. 723, 792 (2008) (declining to determine "the reach of the writ with respect to claims of unlawful conditions of treatment or confinement"); *Bell v. Wolfish*, 441 U.S. 520, 526, n. 6 (1979) (leaving for "another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement"); *Preiser*, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making custody illegal.").

In *Nettles*, however, the Ninth Circuit Court of Appeals provided further guidance regarding the intersection between habeas corpus and civil rights actions under 42 U.S.C. § 1983. In *Nettles*, a habeas action, a state prisoner challenged a prison disciplinary action on constitutional grounds, claiming the improper disciplinary action could affect his eligibility for parole. The Court of Appeals held that because the petitioner's claim did not fall within the "core of habeas corpus," that is, it did not necessarily implicate the "fact or duration" of his conviction or sentence, it must be brought, if at all, in a civil rights action under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 925 (quoting *Preiser*, 411 U.S. at 487). The Court of Appeals noted that the Supreme Court has suggested that civil rights actions under 42 U.S.C. § 1983 are the exclusive vehicle

for state prisoners' claims that fall outside the core of habeas. *See id.* at 929–31. The Court stated:

> The [Supreme Court] has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (characterizing the Court's precedents as holding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Based on our review of the development of the Court's case law in this area, we now adopt the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.

*Nettles*, 830 F.3d at 927.

Therefore, following *Nettles*, this Court concludes that Kelly's claims, challenging the conditions of his confinement, and not the fact or duration of his confinement, are not within the core of habeas corpus, and are not cognizable in this habeas corpus action. Kelly's claim must be brought, if at all, as a civil rights action pursuant to 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that, as jurists of reason would not find this ruling debatable, the petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 8th day of February, 2021.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE